

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD LYLE ABRAMS, | No. 16-55858 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00056-BRO-AS |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; UBS FINANCIAL SERVICES INC. LONG TERM DISABILITY PLAN; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted February 12, 2018**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[***] District Judge.

Howard Abrams sued Life Insurance Company of North America (LINA) and UBS Financial Services Inc. Long Term Disability Plan (the Plan), respectively the claims administrator and plan sponsor of a long-term disability (LTD) plan in which Abrams was enrolled, for violations of the Employee Retirement Income Security Act of 1974 (ERISA). Abrams alleged that the Plan breached the terms of the LTD plan by offsetting his monthly benefit by 50% of his monthly wages pursuant to the "Work Incentive Benefit" (the Benefit), a term in the summary plan description (SPD) and LINA Policy. According to Abrams, he is entitled to the maximum monthly benefit for the life of the insurance policy without any offsets.

After permitting Abrams several opportunities to amend his pleadings, the district court dismissed in its entirety his Third Amended Complaint without leave to amend. We affirm.

**1.** The Work Incentive Benefit contained in the summary plan description does not violate the disclosure requirements of ERISA and its implementing

_____

[***] The Honorable John A. Woodcock, Jr., United States District Judge for the District of Maine, sitting by designation.

regulations.  *See, e.g.*, *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.* ("*Spinedex*"), 770 F.3d 1282, 1295–96 (9th Cir. 2014).

ERISA mandates that an SPD "explain the 'circumstances which may result in disqualification, ineligibility, or denial or loss of benefits' in a manner 'calculated to be understood by the average plan participant,' and that information must be 'sufficiently accurate and comprehensive to reasonably apprise' plan participants of their rights and obligations under the plan."  *Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 904 (9th Cir. 2009) (quoting 29 U.S.C. § 1022(a)–(b)).  A Department of Labor regulation further requires that exceptions to coverage and provisions restricting or limiting benefits "not be minimized, rendered obscure, or otherwise made to appear unimportant."  29 C.F.R. § 2520.102-2(b); *see Spinedex*, 770 F.3d at 1295.

The Plan's SPD satisfies these requirements with regard to the Work Incentive Benefit.  The SPD clearly explains how Abrams's monthly benefit would be impacted by money he earned while receiving disability benefits:

> If you return to work while disabled, your monthly benefit will not be offset for employment earnings during the work incentive benefit period. . . . Work Incentive benefits for CIGNA . . . can continue for 24 months and apply only once to each period of disability. . . . After 24 months of disability, CIGNA will reduce your monthly benefit by 50% of your current earnings.

The "circumstances . . . result[ing] in . . . [a] loss of benefits" are apparent from the language of the Benefit: after 24 months, the monthly benefit will be reduced by 50% of the beneficiary's monthly income. Such language would "reasonably apprise" an "average plan participant" of her rights and obligations under the Plan and the circumstances under which her monthly benefit would be offset. 29 U.S.C. § 1022(a); *Scharff*, 581 F.3d at 904.

That conclusion is not undermined by the SPD's statement that "[t]he total of your group and individual policy coverage . . . will never be less than 60% of your LTD Benefits Base Salary." While Abrams's policy *coverage* would never be less than $300,000—60% of the policy's maximum covered salary—the SPD does not state that his monthly *benefit* would never fall below the policy maximum. To the contrary, the SPD outlines a litany of circumstances under which a plan participant's benefits would be reduced, limited, or offset.

Nor does the SPD "minimize[], render[] obscure," or otherwise make to seem unimportant the Work Incentive Benefit offset. 29 C.F.R. § 2520.102-2(b). The Benefit and its offset are described in the same style, typeface, and type size as the rest of the SPD and are located "in close conjunction with" the description of the plan's benefits. *Id.*; *compare Arnold v. Arrow Transp. Co. of Del.*, 926 F.2d 782, 786 (9th Cir. 1991) (concluding that limited liability provision "within a few

4

pages [of the benefits section] in a short document" satisfied ERISA), *with Spinedex*, 770 F.3d at 1295 (provision limiting benefits inadequate where the provision is separated from the benefits section by fifteen unrelated sections covering more than thirty pages of text). Abrams's remaining arguments—that the Benefit is not given special emphasis or mentioned more than once in the SPD—are unavailing because they have no grounding in ERISA's requirements. The Work Incentive Benefit does not violate ERISA and is valid and enforceable.

**2.** For largely the same reasons, the Work Incentive Benefit, as described in the LINA policy, does not violate the "reasonable expectations doctrine."[1] The common-law doctrine of reasonable expectations requires that restrictive provisions in insurance contracts be "clear, plain, and conspicuous." *See Saltarelli v. Bob Baker Grp. Med. Tr.*, 35 F.3d 382, 386–87 (9th Cir. 1994). That requirement supplements ERISA's express disclosure requirements. *Scharff*, 581 F.3d at 904.

Abrams concedes that the words of the Benefit are clear, and—as we concluded above—the Benefit plainly describes how monthly benefits are offset by

---

[1] Abrams conceded in his operative complaint that he was not entitled to benefits "under the literal terms of the LINA policy," as opposed to the SPD, raising serious questions about whether he may challenge the adequacy of the policy. Because we conclude the policy does not violate the reasonable expectations doctrine in any event, we do not address the waiver issue.

income after 24 months of disability. The Benefit and its limitations are also sufficiently conspicuous in the policy: it is described in two different places, including in the "Schedule of Benefits" on pages 3 and 4 of the policy, which a beneficiary must read to understand how his benefits are calculated. *Contrast Saltarelli*, 35 F.3d at 385 (exclusion "bur[ied] . . . amidst definitions, rather than forthrightly stat[ed] . . . in the operative clauses of the plan description," was not conspicuous). Because the Benefit was clear, plain, and conspicuous, it does not run afoul of the reasonable expectations doctrine, and is not thereby unenforceable. *See id.* at 387.

**3.** Abrams's remaining claims are derivative of his breach of plan claim. Because Abrams did not adequately allege his entitlement to additional benefits under the Plan or any violation of ERISA, his claims for declaratory relief under 29 U.S.C. § 1132(a)(1)(B), and for injunctive and equitable relief under § 1132(a)(3), were properly dismissed. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014).

The judgment of the district court is AFFIRMED.